

# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>STEVEN RUSSELL OHMER | Case Number:  1122-CC00192 |
|---|---|
| Plaintiff/Petitioner:<br>ANJANAI FLENOID | Plaintiff's/Petitioner's Attorney/Address<br>ALAN SCOTT MANDEL<br>1108 OLIVE ST.<br>5th FL<br>ST. LOUIS, MO  631011949 |
| vs. | |
| Defendant/Respondent:<br>ENVISION HOSPITAL CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  BETTY JEAN KERR PEOPLE'S HEALTH CENTER
Alias:

DWAYNE BUTLER
5701 DELMAR BLVD
SAINT LOUIS, MO  63112



COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____ Date

M. Jane Schweitzer
Circuit Clerk

Further Information:

## Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)          Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
                                              Date                                    Notary Public

Sheriff's Fees, if applicable
Summons      $_____
Non Est        $_____
Mileage        $_____ ( ____ miles @ $ . _____ per mile)
Total            $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>STEVEN RUSSELL OHMER | Case Number: 1122-CC00192 |
|---|---|
| Plaintiff/Petitioner:<br>ANJANAI FLENOID | Plaintiff's/Petitioner's Attorney/Address<br>ALAN SCOTT MANDEL<br>1108 OLIVE ST.<br>5th FL<br>ST. LOUIS, MO  631011949 |
| vs. | |
| Defendant/Respondent:<br>ENVISION HOSPITAL CORPORATION | Court Address:<br>CIVIL COURTS BUILDING |
| Nature of Suit:<br>CC Wrongful Death | 10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | BETTY JEAN KERR PEOPLE'S HEALTH CENTER<br>Alias: |
|---|---|

DWAYNE BUTLER
5701 DELMAR BLVD
SAINT LOUIS, MO 63112



*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____ Date

M. Jane Schweitzer
Circuit Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                          Date                                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( ____ miles @ $ . _____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

| | |
|---|---|
| ANJANAI FLENOID, individually, and as Plaintiff ad Litem on behalf of decedent ANIKA FLENOID, ) ) ) ) | |
| Plaintiff, ) ) | Cause No. 1122-CC 00192 |
| ) | Division No. |
| v. ) ) | |
| ENVISION HOSPITAL CORPORATION, D/B/A ST. ALEXIUS HOSPITAL, ) ) ) | Wrongful Death – Medical Negligence In Excess of $25,000.00 Jury Demanded |
| SERVE: Secretary of State 600 West Main Street Jefferson City, MO 65102 ) ) ) ) | |
| and ) | |
| SUCCESS HEALTHCARE, LLC, D/B/A ST. ALEXIUS HOSPITAL, ) ) ) | |
| SERVE: CT Corporation 120 South Central Avenue Clayton, MO 63105 ) ) ) | |
| and ) | |
| ST. ALEXIUS HOSPITAL CORPORATION, #1, ) ) ) | |
| SERVE: CT CORPORATION SYSTEM 120 South Central Avenue Clayton, MO 63105 ) ) ) | |
| and ) | |
| ST. ALEXIUS EMERGENCY PHYSICIANS, L.L.C., ) ) ) | |
| SERVE: Leslie Carzoli 6400 Atlantic Blvd Jacksonville, FL 32211 ) ) ) | |
| and ) | |
| BETTY JEAN KERR – PEOPLE'S ) | |

HEALTH CENTER,                      )
                                    )
SERVE:  Dwayne Butler               )
            5701 Delmar Blvd.        )
            St. Louis, MO 63112      )
                                    )
and                                 )
                                    )
JOHN DOE, M.D.,                     )
                                    )
SERVE:  HOLD                        )
                                    )
and                                 )
                                    )
JANE DOE, M.D.,                     )
                                    )
SERVE:  HOLD                        )
                                    )
            Defendants.             )

## PETITION FOR DAMAGES

COME NOW plaintiff Anjanai Flenoid, individually, and as Plaintiff ad Litem on behalf

of decedent Anika Flenoid, and through counsel, and for her causes of action against the

defendant, hereby state and allege as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### PLAINTIFF ANJANAI FLENOID

1.      At the time of the negligent acts complained of herein and at all times mentioned,

plaintiff Anjanai Flenoid has been an individual over the age of twenty one years, residing in the

State of Missouri.  At all times mentioned, plaintiff Anjanai Flenoid has been the natural

daughter of decedent Anika Flenoid.

2.      Plaintiff Anjanai Flenoid is a proper party to bring a wrongful death action

pursuant to R.S.Mo. §537.080, et seq. occasioning the death of her mother on February 4, 2008.

3.      Plaintiff Anjanai Flenoid is a proper party to be appointed by the court as Plaintiff ad Litem on behalf of decedent Anika Flenoid, for the sole purpose of bringing any and all claims which may survive the decedent Anika Flenoid's death, as if she were living.

## DEFENDANT ENVISION HOSPITAL CORPORATION D/B/A ST. ALEXIUS HOSPITAL

4.      At all times hereinafter mentioned, defendant Envision Hospital Corporation d/b/a St. Alexius Hospital (hereinafter referred to as "Envision") has been a Delaware Corporation owning and operating and holding itself out to the public, and in particular to plaintiff, as a facility located at 3933 South Broadway, in the City of St. Louis, State of Missouri, specializing in providing hospital services, surgical services and other medical services, to patients like plaintiff in exchange for valuable consideration paid by them.

5.      At all times hereinafter mentioned, defendant Envision was acting by and through its servants, employees and/or agents, actual or ostensible.

## AGENCY

6.      At all times hereinafter mentioned, any and all members of the medical staff and interns that participated in the care and treatment of decedent Anika Flenoid at Defendant Envision were employed by Defendant Envision and acting as duly authorized agents, servants, and representatives of said Defendant Envision, acting within the scope and course of their respective employment.

## DEFENDANT SUCCESS HEALTHCARE, LLC D/B/A ST. ALEXIUS HOSPITAL

7.      At all times hereinafter mentioned, defendant Success Healthcare LLC d/b/a St. Alexius Hospital (hereinafter referred to as "Success") has been a Corporation owning and operating and holding itself out to the public, and in particular to plaintiff, as a facility, located at 3933 South Broadway, in the City of St. Louis, State of Missouri, specializing in providing

hospital services, surgical services and other medical services, to patients like plaintiff in exchange for valuable consideration paid by them.

8.     At all times hereinafter mentioned, defendant Success was acting by and through its servants, employees and/or agents, actual or ostensible.

**AGENCY**

9.     At all times hereinafter mentioned, any and all members of the medical staff and interns that participated in the care and treatment of decedent Anika Flenoid at Defendant Success were employed by Defendant Success and acting as duly authorized agents, servants, and representatives of said Defendant Success, acting within the scope and course of their respective employment.

**DEFENDANT ST. ALEXIUS HOSPITAL CORPORATION, #1**

10.     At all times hereinafter mentioned, defendant St. Alexius Hospital Corporation, #1 has been a Corporation owning and operating and holding itself out to the public, and in particular to plaintiff, as a facility, located at 3933 South Broadway, in the City of St. Louis, State of Missouri, specializing in providing hospital services, surgical services and other medical services, to patients like plaintiff in exchange for valuable consideration paid by them.

11.     At all times hereinafter mentioned, defendant St. Alexius Hospital Corporation, #1 was acting by and through its servants, employees and/or agents, actual or ostensible.

**AGENCY**

12.     At all times hereinafter mentioned, any and all members of the medical staff and interns that participated in the care and treatment of decedent Anika Flenoid at Defendant Success were employed by Defendant St. Alexius Hospital Corporation, #1 and acting as duly authorized agents, servants, and representatives of said Defendant St. Alexius Hospital Corporation, #1, acting within the scope and course of their respective employment.

## DEFENDANT ST. ALEXIUS EMERGENCY PHYSICIANS, L.L.C.

13.     At all times hereinafter mentioned, defendant St. Alexius Emergency Physicians, L.L.C. is and has been a Missouri Corporation owning and operating and holding itself out to the public, and in particular to plaintiff, as a facility and/or group specializing in providing hospital services, surgical services and other medical services, to patients like plaintiff in exchange for valuable consideration paid by them.

14.     At all times hereinafter mentioned, Defendant St. Alexius Emergency Physicians, L.L.C, was acting by and through its servants, employees and/or agents, actual or ostensible.

## AGENCY

15.     At all times hereinafter mentioned, any and all members of the medical staff and interns that participated in the care and treatment of decedent Anika Flenoid by Defendant St. Alexius Emergency Physicians were employed by Defendant St. Alexius Emergency Physicians and acting as duly authorized agents, servants, and representatives of said Defendant St. Alexius Emergency Physicians, L.L.C., acting within the scope and course of their respective employment.

## DEFENDANT BETTY JEAN KERR – PEOPLE'S HEALTH CENTER

16.     At all times hereinafter mentioned, defendant Betty Jean Kerr-People's Health Center (hereinafter referred to as "People's") is and has been a Missouri Corporation owning and operating and holding itself out to the public, and in particular to plaintiff, as a facility and/or group specializing in providing hospital services, surgical services and other medical services, to patients like plaintiff in exchange for valuable consideration paid by them.

17.     At all times hereinafter mentioned, Defendant People's was acting by and through its servants, employees and/or agents, actual or ostensible.

**AGENCY**

18.     At all times hereinafter mentioned, any and all members of the medical staff and interns that participated in the care and treatment of decedent Anika Flenoid by Defendant People's were employed by Defendant People's and acting as duly authorized agents, servants, and representatives of said Defendant People's, acting within the scope and course of their respective employment.

**DEFENDANT JOHN DOE, M.D.**

19.  At the time of the negligent acts complained of herein and at all times mentioned, defendant JOHN DOE, M.D. has been a licensed physician, holding himself out to the public, and in particular to Plaintiff as a physician specializing in surgical and medical services, health care services to patients like plaintiff in exchange for valuable consideration paid by them.

20.  At the time of the negligent acts complained of herein and at all times mentioned, defendant John Doe, M.D. was acting individually and within the course and scope of his employment and/or agency with defendant Envision and/or defendant Success and/or defendant St. Alexius Emergency Physicians and/or Betty Jean Kerr-People's Health Clinic and/or St. Alexius Hospital Corporation, #1.

**DEFENDANT JANE DOE, M.D.**

21.  At the time of the negligent acts complained of herein and at all times mentioned, defendant JANE DOE, M.D. has been a licensed physician, holding himself out to the public, and in particular to Plaintiff as a physician specializing in surgical and medical services, health care services to patients like plaintiff in exchange for valuable consideration paid by them.

22.  At the time of the negligent acts complained of herein and at all times mentioned, defendant Jane Doe, M.D. was acting individually and within the course and scope of her employment and/or agency with defendant Envision and/or defendant Success and/or defendant

6

St. Alexius Emergency Physicians and/or Betty Jean Kerr-People's Health Clinic and/or St.
Alexius Hospital Corporation, #1.

## FACTS OF THE OCCURRENCES

23.     On February 4, 2008 at approximately 12:08 p.m., decedent Anika Flenoid Anika
Flenoid presented to the emergency room at St. Alexius Hospital, in the City of St. Louis, State
of Missouri, for treatment of chest pains and shortness of breath.

24.     On February, 4, 2008 at approximately 2:45 p.m., decedent Anika Flenoid Anika
Flenoid was discharged from St. Alexius Hospital.

25.     On February 4, 2008 at approximately 6:52 p.m., decedent Anika Flenoid Anika
Flenoid collapsed at her home and was unresponsive.

26.     On February 4, 2008 at approximately 7:13 p.m., decedent Anika Flenoid Anika
Flenoid arrived via ambulance as St. Alexius Hospital for treatment.

27.     On February 4, 2008 at approximately 7:33 p.m., decedent Anika Flenoid Anika
Flenoid was pronounced dead at St. Alexius Hospital due to a cardiac arrest.

## COUNT I

### (Wrongful Death – Medical Negligence Against Envision)

COMES NOW plaintiff Anjanai Flenoid, by and through counsel, and for Count I of her
Petition for Damages, hereby states and alleges as follows:

28.     Paragraphs 1 through 27 above are hereby incorporated by reference as if fully set
forth herein.

## DEFENDANT ENVISION'S ACTS OF NEGLIGENCE

29.     At the time of the negligent acts complained of herein and at all times mentioned,
defendant Envision, by and through its servants, employees and/or agents, actual or ostensible,
including but not limited to the attending physicians, residents, technicians and nursing personnel

7

caring for decedent, had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of defendant's profession in the care of decedent Anika Flenoid.

30.    Defendant Envision, by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the Defendant Children's attending physicians, residents, technicians and nursing personnel caring for decedent, breached its duty of care and committed the following acts of negligence and carelessness by failing to measure up to the requisite standards of due care, practice and skill required by members of defendant's profession, to-wit:

a)    Defendant failed to provide its agents, servants and employees the proper training regarding patient management;

b)    Defendant failed to provide its agents, servants and employees with proper supervision regarding patient management;

c)    Defendant failed to adequately monitor decedent Anika Flenoid;

d)    Defendant failed to properly diagnose the seriousness of decedent's condition;

e)    Defendant failed to properly recognize the cause of decedent's chest pains;

f)    Defendant failed to obtain multiple troponin levels in order to assess the health status of decedent;

g)    Defendant failed to timely treat decedent;

h)    Defendant negligently discharged decedent without providing decedent with the proper care, treatment and monitoring that her condition required.

**DECEDENT ANIKA FLENOID'S INJURIES**

31.     The negligence and carelessness of the defendant, directly and proximately caused, or directly and proximately contributed to cause, decedent Anika Flenoid to suffer mental and physical pain, anguish and emotional distress prior to her untimely and agonizing death on February 4, 2008.

**PLAINTIFF ANJANAI FLENOID'S DAMAGES**

32.     As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid was forced to expend monies for funeral and burial expenses in connection with decedent's death, and for such other expenses in an amount that at this time plaintiff Anjanai Flenoid is unable to state with exactitude.

33.     As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anika Flenoid has been forever deprived of decedent Anjanai Flenoid's services, consortium, companionship, comfort, instruction, guidance, counsel, training and support.

34.     As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid has suffered great mental pain and anguish resulting from decedent's untimely death, in an amount that plaintiff is unable to state with exactitude at this time.

35.     As a further direct and proximate result of the negligence and carelessness of the defendant, decedent Anika Flenoid was forced to suffer great mental and physical pain and anguish prior to her death, for which plaintiff Anjanai Flenoid is entitled to recover, all in an amount that plaintiff is unable to state with exactitude at this time.

WHEREFORE, plaintiff Anjanai Flenoid, by and through counsel, prays judgment against defendant Envision, by and through its servants, employees and/or agents, actual or

ostensible, including but not limited to the attending physicians, residents, technicians and nursing personnel providing care to decedent, jointly and severally with other defendants, for such sums as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

**COUNT II**

**(Wrongful Death – Medical Negligence Against Success Healthcare, LLC d/b/a St. Alexius Hospital)**

COMES NOW plaintiff Anjanai Flenoid by and through counsel, and for Count II of her Petition for Damages, hereby states and alleges as follows:

36.     Paragraphs 1 through 35 above are hereby incorporated by reference as if fully set forth herein.

**DEFENDANT SUCCESS' ACTS OF NEGLIGENCE**

37.     At the time of the negligent acts complained of herein and at all times mentioned, defendant Success, by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the attending physicians, residents, technicians and nursing personnel caring for decedent, had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of defendant's profession in the care of decedent Anika Flenoid.

38.     Defendant Success, by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the Defendant Success' attending physicians, residents, technicians and nursing personnel caring for decedent, breached its duty of care and committed the following acts of negligence and carelessness by failing to measure up to the requisite standards of due care, practice and skill required by members of defendant's profession, to-wit:

   a)     Defendant failed to provide its agents, servants and employees the proper training regarding patient management;

10

b)      Defendant failed to provide its agents, servants and employees with proper supervision regarding patient management;

c)      Defendant failed to adequately monitor decedent Anika Flenoid;

d)      Defendant failed to properly diagnose the seriousness of decedent's condition;

e)      Defendant failed to properly recognize the cause of decedent's chest pains;

f)      Defendant failed to obtain multiple troponin levels in order to assess the health status of decedent;

g)      Defendant failed to timely treat decedent;

h)      Defendant negligently discharged decedent without providing decedent with the proper care, treatment and monitoring that her condition required.

## DECEDENT ANIKA FLENOID'S INJURIES

39.     The negligence and carelessness of the defendant, directly and proximately caused, or directly and proximately contributed to cause, decedent Anika Flenoid to suffer mental and physical pain, anguish and emotional distress prior to her untimely and agonizing death on February 4, 2008.

## PLAINTIFF ANJANAI FLENOID'S DAMAGES

40.     As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid was forced to expend monies for funeral and burial expenses in connection with decedent's death, and for such other expenses in an amount that at this time plaintiff Anjanai Flenoid is unable to state with exactitude.

41.     As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anika Flenoid has been forever deprived of decedent Anjanai Flenoid's

services, consortium, companionship, comfort, instruction, guidance, counsel, training and support.

42.     As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid has suffered great mental pain and anguish resulting from decedent's untimely death, in an amount that plaintiff is unable to state with exactitude at this time.

43.     As a further direct and proximate result of the negligence and carelessness of the defendant, decedent Anika Flenoid was forced to suffer great mental and physical pain and anguish prior to her death, for which plaintiff Anjanai Flenoid is entitled to recover, all in an amount that plaintiff is unable to state with exactitude at this time.

WHEREFORE, plaintiff Anajani Flenoid, by and through counsel, prays judgment against defendant Success, by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the attending physicians, residents, technicians and nursing personnel providing care to decedent, jointly and severally with other defendants, for such sums as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

## COUNT III

### (Wrongful Death – Medical Negligence Against Defendant St. Alexius Hospital Corporation, #1)

COMES NOW plaintiff Anjanai Flenoid by and through counsel, and for Count III of her Petition for Damages, hereby states and alleges as follows:

44.     Paragraphs 1 through 43 above are hereby incorporated by reference as if fully set forth herein.

12

## DEFENDANT ST. ALEXIUS HOSPITAL CORPORATION, #1'S ACTS OF NEGLIGENCE

45.     At the time of the negligent acts complained of herein and at all times mentioned, defendant St. Alexius Hospital Corporation, #1, by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the attending physicians, residents, technicians and nursing personnel caring for decedent, had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of defendant's profession in the care of decedent Anika Flenoid.

46.     Defendant St. Alexius Hospital Corporation, #1, by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the Defendant St. Alexius Hospital Corporation, #1's attending physicians, residents, technicians and nursing personnel caring for decedent, breached its duty of care and committed the following acts of negligence and carelessness by failing to measure up to the requisite standards of due care, practice and skill required by members of defendant's profession, to-wit:

    a)    Defendant failed to provide its agents, servants and employees the proper training regarding patient management;

    b)    Defendant failed to provide its agents, servants and employees with proper supervision regarding patient management;

    c)    Defendant failed to adequately monitor decedent Anika Flenoid;

    d)    Defendant failed to properly diagnose the seriousness of decedent's condition;

    e)    Defendant failed to properly recognize the cause of decedent's chest pains;

    f)    Defendant failed to obtain multiple troponin levels in order to assess the health status of decedent;

    g)    Defendant failed to timely treat decedent;

13

h)     Defendant negligently discharged decedent without providing decedent with the proper care, treatment and monitoring that her condition required.

## DECEDENT ANIKA FLENOID'S INJURIES

47.    The negligence and carelessness of the defendant, directly and proximately caused, or directly and proximately contributed to cause, decedent Anika Flenoid to suffer mental and physical pain, anguish and emotional distress prior to her untimely and agonizing death on February 4, 2008.

## PLAINTIFF ANJANAI FLENOID'S DAMAGES

48.    As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid was forced to expend monies for funeral and burial expenses in connection with decedent's death, and for such other expenses in an amount that at this time plaintiff Anjanai Flenoid is unable to state with exactitude.

49.    As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anika Flenoid has been forever deprived of decedent Anjanai Flenoid's services, consortium, companionship, comfort, instruction, guidance, counsel, training and support.

50.    As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid has suffered great mental pain and anguish resulting from decedent's untimely death, in an amount that plaintiff is unable to state with exactitude at this time.

51.    As a further direct and proximate result of the negligence and carelessness of the defendant, decedent Anika Flenoid was forced to suffer great mental and physical pain and anguish prior to her death, for which plaintiff Anjanai Flenoid is entitled to recover, all in an amount that plaintiff is unable to state with exactitude at this time.

WHEREFORE, plaintiff Anajani Flenoid, by and through counsel, prays judgment against defendant St. Alexius Hospital Corporation, #1, by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the attending physicians, residents, technicians and nursing personnel providing care to decedent, jointly and severally with other defendants, for such sums as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

## COUNT IV

### (Wrongful Death – Medical Negligence Against defendant St. Alexius Emergency Physicians, LLC)

COMES NOW plaintiff Anjanai Flenoid by and through counsel, and for Count IV of her Petition for Damages, hereby states and alleges as follows:

52.     Paragraphs 1 through 51 above are hereby incorporated by reference as if fully set forth herein.

## DEFENDANT ST. ALEXIUS EMERGENCY PHYSICIANS, LLC

53.     At the time of the negligent acts complained of herein and at all times mentioned, defendant St. Alexius Emergency Physicians, LLC by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the attending physicians, residents, technicians and nursing personnel caring for decedent, had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of defendant's profession in the care of decedent Anika Flenoid.

54.     Defendant St. Alexius Emergency Physicians, LLC, by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the Defendant St. Alexius Emergency Physicians, LLC's  attending physicians, residents, technicians and nursing personnel caring for decedent, breached its duty of care and committed the following acts of

15

negligence and carelessness by failing to measure up to the requisite standards of due care, practice and skill required by members of defendant's profession, to-wit:

a) Defendant failed to provide its agents, servants and employees the proper training regarding patient management;

b) Defendant failed to provide its agents, servants and employees with proper supervision regarding patient management;

c) Defendant failed to adequately monitor decedent Anika Flenoid;

d) Defendant failed to properly diagnose the seriousness of decedent's condition;

e) Defendant failed to properly recognize the cause of decedent's chest pains;

f) Defendant failed to obtain multiple troponin levels in order to assess the health status of decedent;

g) Defendant failed to timely treat decedent;

h) Defendant negligently discharged decedent without providing decedent with the proper care, treatment and monitoring that her condition required.

## DECEDENT ANIKA FLENOID'S INJURIES

55. The negligence and carelessness of the defendant, directly and proximately caused, or directly and proximately contributed to cause, decedent Anika Flenoid to suffer mental and physical pain, anguish and emotional distress prior to her untimely and agonizing death on February 4, 2008.

## PLAINTIFF ANJANAI FLENOID'S DAMAGES

56. As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid was forced to expend monies for funeral and burial expenses

in connection with decedent's death, and for such other expenses in an amount that at this time plaintiff Anjanai Flenoid is unable to state with exactitude.

57.   As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anika Flenoid has been forever deprived of decedent Anjanai Flenoid's services, consortium, companionship, comfort, instruction, guidance, counsel, training and support.

58.   As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid has suffered great mental pain and anguish resulting from decedent's untimely death, in an amount that plaintiff is unable to state with exactitude at this time.

59.   As a further direct and proximate result of the negligence and carelessness of the defendant, decedent Anika Flenoid was forced to suffer great mental and physical pain and anguish prior to her death, for which plaintiff Anjanai Flenoid is entitled to recover, all in an amount that plaintiff is unable to state with exactitude at this time.

WHEREFORE, plaintiff Anajani Flenoid, by and through counsel, prays judgment against defendant St. Alexius Emergency Physicians, LLC, by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the attending physicians, residents, technicians and nursing personnel providing care to decedent, jointly and severally with other defendants, for such sums as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

**COUNT V**

**(Wrongful Death – Medical Negligence Against
defendant Betty Jean Kerr-People's Health Centers)**

COMES NOW plaintiff Anjanai Flenoid by and through counsel, and for Count V of her Petition for Damages, hereby states and alleges as follows:

60.    Paragraphs 1 through 59 above are hereby incorporated by reference as if fully set forth herein.

**DEFENDANT PEOPLE'S**

61.    At the time of the negligent acts complained of herein and at all times mentioned, defendant People's by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the attending physicians, residents, technicians and nursing personnel caring for decedent, had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of defendant's profession in the care of decedent Anika Flenoid.

62.    Defendant People's, by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the Defendant People's  attending physicians, residents, technicians and nursing personnel caring for decedent, breached its duty of care and committed the following acts of negligence and carelessness by failing to measure up to the requisite standards of due care, practice and skill required by members of defendant's profession, to-wit:

  a)    Defendant failed to provide its agents, servants and employees the proper training regarding patient management;

  b)    Defendant failed to provide its agents, servants and employees with proper supervision regarding patient management;

  c)    Defendant failed to adequately monitor decedent Anika Flenoid;

  d)    Defendant failed to properly diagnose the seriousness of decedent's condition;

18

e)   Defendant failed to properly recognize the cause of decedent's chest pains;

f)   Defendant failed to obtain multiple troponin levels in order to assess the health status of decedent;

g)   Defendant failed to timely treat decedent;

h)   Defendant negligently discharged decedent without providing decedent with the proper care, treatment and monitoring that her condition required.

## DECEDENT ANIKA FLENOID'S INJURIES

63.   The negligence and carelessness of the defendant, directly and proximately caused, or directly and proximately contributed to cause, decedent Anika Flenoid to suffer mental and physical pain, anguish and emotional distress prior to her untimely and agonizing death on February 4, 2008.

## PLAINTIFF ANJANAI FLENOID'S DAMAGES

64.   As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid was forced to expend monies for funeral and burial expenses in connection with decedent's death, and for such other expenses in an amount that at this time plaintiff Anjanai Flenoid is unable to state with exactitude.

65.   As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anika Flenoid has been forever deprived of decedent Anjanai Flenoid's services, consortium, companionship, comfort, instruction, guidance, counsel, training and support.

66.   As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid has suffered great mental pain and anguish resulting from decedent's untimely death, in an amount that plaintiff is unable to state with exactitude at this time.

19

67.     As a further direct and proximate result of the negligence and carelessness of the defendant, decedent Anika Flenoid was forced to suffer great mental and physical pain and anguish prior to her death, for which plaintiff Anjanai Flenoid is entitled to recover, all in an amount that plaintiff is unable to state with exactitude at this time.

WHEREFORE, plaintiff Anajani Flenoid, by and through counsel, prays judgment against defendant People's, by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the attending physicians, residents, technicians and nursing personnel providing care to decedent, jointly and severally with other defendants, for such sums as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

## COUNT VI

### (Wrongful Death – Medical Negligence Against defendant John Doe, M.D.)

COMES NOW plaintiff Anjanai Flenoid by and through counsel, and for Count VI of her Petition for Damages, hereby states and alleges as follows:

68.     Paragraphs 1 through 67 above are hereby incorporated by reference as if fully set forth herein.

69.     That at all times hereinafter mentioned Defendant John Doe, M.D. was a physician licensed to practice medicine in the State of Missouri and treated decedent in the emergency room at St. Alexius Hospital, in the City of St. Louis, State of Missouri, on February 4, 2008.

70.     That Defendant John Doe, M.D. was negligent, careless, and violated the proper standard of care as follows:

    a)     Defendant failed to provide its agents, servants and employees the proper training regarding patient management;

20

b) Defendant failed to provide its agents, servants and employees with proper supervision regarding patient management;

c) Defendant failed to adequately monitor decedent Anika Flenoid;

d) Defendant failed to properly diagnose the seriousness of decedent's condition;

e) Defendant failed to properly recognize the cause of decedent's chest pains;

f) Defendant failed to obtain multiple troponin levels in order to assess the health status of decedent;

g) Defendant failed to timely treat decedent;

h) Defendant negligently discharged decedent without providing decedent with the proper care, treatment and monitoring that her condition required.

## DECEDENT ANIKA FLENOID'S INJURIES

71. The negligence and carelessness of the defendant, directly and proximately caused, or directly and proximately contributed to cause, decedent Anika Flenoid to suffer mental and physical pain, anguish and emotional distress prior to her untimely and agonizing death on February 4, 2008.

## PLAINTIFF ANJANAI FLENOID'S DAMAGES

72. As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid was forced to expend monies for funeral and burial expenses in connection with decedent's death, and for such other expenses in an amount that at this time plaintiff Anjanai Flenoid is unable to state with exactitude.

73. As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anika Flenoid has been forever deprived of decedent Anjanai Flenoid's

services, consortium, companionship, comfort, instruction, guidance, counsel, training and support.

74. As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid has suffered great mental pain and anguish resulting from decedent's untimely death, in an amount that plaintiff is unable to state with exactitude at this time.

75. As a further direct and proximate result of the negligence and carelessness of the defendant, decedent Anika Flenoid was forced to suffer great mental and physical pain and anguish prior to her death, for which plaintiff Anjanai Flenoid is entitled to recover, all in an amount that plaintiff is unable to state with exactitude at this time.

WHEREFORE, plaintiff Anajani Flenoid, by and through counsel, prays judgment against defendant John Doe's, by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the attending physicians, residents, technicians and nursing personnel providing care to decedent, jointly and severally with other defendants, for such sums as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

## COUNT VII

### (Wrongful Death – Medical Negligence Against defendant Jane Doe, M.D.)

COMES NOW plaintiff Anjanai Flenoid by and through counsel, and for Count VII of her Petition for Damages, hereby states and alleges as follows:

76. Paragraphs 1 through 75 above are hereby incorporated by reference as if fully set forth herein.

77. That at all times hereinafter mentioned Defendant Jane Doe, M.D. was a physician licensed to practice medicine in the State of Missouri and treated decedent in the

22

emergency room at St. Alexius Hospital, in the City of St. Louis, State of Missouri, on February 4, 2008.

78.    That Defendant Jane Doe, M.D. was negligent, careless, and violated the proper standard of care as follows:

a)    Defendant failed to provide its agents, servants and employees the proper training regarding patient management;

b)    Defendant failed to provide its agents, servants and employees with proper supervision regarding patient management;

c)    Defendant failed to adequately monitor decedent Anika Flenoid;

d)    Defendant failed to properly diagnose the seriousness of decedent's condition;

e)    Defendant failed to properly recognize the cause of decedent's chest pains;

f)    Defendant failed to obtain multiple troponin levels in order to assess the health status of decedent;

g)    Defendant failed to timely treat decedent;

h)    Defendant negligently discharged decedent without providing decedent with the proper care, treatment and monitoring that her condition required.

## DECEDENT ANIKA FLENOID'S INJURIES

79.    The negligence and carelessness of the defendant, directly and proximately caused, or directly and proximately contributed to cause, decedent Anika Flenoid to suffer mental and physical pain, anguish and emotional distress prior to her untimely and agonizing death on February 4, 2008.

## PLAINTIFF ANJANAI FLENOID'S DAMAGES

80.    As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid was forced to expend monies for funeral and burial expenses in connection with decedent's death, and for such other expenses in an amount that at this time plaintiff Anjanai Flenoid is unable to state with exactitude.

81.    As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anika Flenoid has been forever deprived of decedent Anjanai Flenoid's services, consortium, companionship, comfort, instruction, guidance, counsel, training and support.

82.    As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff Anjanai Flenoid has suffered great mental pain and anguish resulting from decedent's untimely death, in an amount that plaintiff is unable to state with exactitude at this time.

83.    As a further direct and proximate result of the negligence and carelessness of the defendant, decedent Anika Flenoid was forced to suffer great mental and physical pain and anguish prior to her death, for which plaintiff Anjanai Flenoid is entitled to recover, all in an amount that plaintiff is unable to state with exactitude at this time.

WHEREFORE, plaintiff Anajani Flenoid, by and through counsel, prays judgment against defendant Jane Doe's, by and through its servants, employees and/or agents, actual or ostensible, including but not limited to the attending physicians, residents, technicians and nursing personnel providing care to decedent, jointly and severally with other defendants, for such sums as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Mandel & Mandel, LLP

ALAN S. MANDEL, ESQ., #29137
Attorney at Law
1108 Olive Street, Fifth Floor
St. Louis, MO 63101
PH: 314-621-1701
FX: 314-621-4800
kschnittger@1108law.com